O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 08-00344 DDP |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO DISMISS** |
| | ) | **INDICTMENT ON VAGUENESS GROUNDS** |
| v. | ) | |
| | ) | [Motion filed on December 8, |
| ROSS CHARLES HACK, | ) | 2008] |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

This matter came before the Court on Defendant Ross Hack's Motion to Dismiss the Indictment.  Hack faces a single-count indictment for a violation of 18 U.S.C. § 1542, willfully and knowingly making a false statement in an application for a passport with the intent to induce the issuance of a passport.  Hack argues that § 1542 is void for vagueness as applied to this case.  After reviewing the materials submitted by the parties, the Court denies the Motion to Dismiss.

**I.   BACKGROUND**

A.   <u>Factual and Procedural Background</u>

On July 30, 1998, police investigating Hack's involvement in a double-homicide executed a warrant on Hack's Las Vegas, Nevada

1  home; in connection with that search, police seized Hack's
2  passport.
3       On or about August 3, 1998, Hack went in person to the U.S.
4  Passport Office in Los Angeles, California and executed a "Will
5  Call" application for a passport (also known as a "DSP-11").  Opp.,
6  Ex. B.  The Will Call process allows an applicant who reports in
7  person to the U.S. Passport Office to obtain a passport on the same
8  day that he submits his application.  On the DS-11, Hack responded
9  that he had been issued a U.S. passport in January of 1996.  Id.
10  (Box No. 18).  Hack checked a box that designated the 1996 passport
11  as "lost."  Id.
12       Hack also submitted a DSP-64, Statement Regarding Lost or
13  Stolen Passport, dated August 5, 1998.  Opp., Ex. C.[1]  The
14  substantive part of the DSP-64 directs an applicant to "answer all
15  questions.  Be specific."  Id.  In response to a question that
16  asked *how* the passport was lost or stolen, Hack responded:
17  "Unknown, last seen in my home about 1 week ago."  Id.
18  Additionally, Hack noted that the loss was discovered on July 30,
19  2008.  Id.  Hack was issued a Will-Call passport, and thereafter
20  traveled to Europe.
21       In March 2008, Hack was indicted on a single count of
22  violating 18 U.S.C. § 1542 in applying for that Will-Call passport.
23  The First Superseding Indictment was filed on June 24, 2008.  The
24  First Superseding Indictment charges:
25
26  ─────────────────────
27       [1]In his Outline of Oral Argument, see Docket No. 63 (February
   25, 2009), Hack relied on the new DSP-64 to support his position.
28  In this Order, the Court looks to the DSP-64 used in 1998, which
   differs from the new form in critical ways.  See Opp., Ex. C.

2

1        On or about August 4, 1998, in Los Angeles County, within the

2        Central District of California, defendant Ross Charles Hack

3        willfully and knowingly made a false statement in an

4        application for a passport, with intent to induce and secure

5        for his own use the issuance of a passport under the authority

6        of the United States, contrary to the laws regulating the

7        issuance of such passports and the rules prescribed pursuant

8        to such laws, in that in connection with such application,

9        defendant stated that his previously issued passport was lost

10       and stated that it was unknown to him how his passport was

11       lost or stolen, whereas, in truth and fact, as the defendant

12       then knew, the Las Vegas Metropolitan Police Department had

13       seized the passport on July 30, 1998, during the execution of

14       a search warrant at defendant's home.

15  First Superseding Indictment (Docket Entry No. 31) at 1-2 (June 24,

16  2008).

17        B.   18 U.S.C. § 1542

18    As relevant here, § 1542 provides that it is a federal offense

19  for a person to:

20        willfully and knowingly make[] any false statement in an

21        application for passport with intent to induce or secure the

22        issuance of a passport under the authority of the United

23        States, either for his own use or the use of another, contrary

24        to the laws regulating the issuance of passports or the rules

25        prescribed pursuant to such laws[.]

26  18 U.S.C. § 1542.

27  ///

28  ///

3

## II.   DISCUSSION

Hack moves to dismiss the indictment on the ground that § 1542 is void for vagueness as applied to his 1998 application documents. Hack argues that the application of the statute to this case is unconstitutionally vague for three reasons.  First, Hack contends that the statute speaks to misrepresentations, but this prosecution rests on an omission.  Second, Hack contends that the omission here was of no legal consequence, and "there is nothing in the statute that places a citizen on notice" that such an omission is subject to prosecution.  Finally, Hack contends that, because there is no specific form for this type of lost passport, § 1542 failed to put Hack on notice that he would be subject to prosecution because he submitted the DSP-64 form in a situation where the prior passport had been previously seized by law enforcement.  These contentions are unavailing.

### A.   Legal Standard: As-Applied Void for Vagueness Challenges

The void-for-vagueness doctrine is rooted in the basic guarantees of due process.  Grayned v. City of Rockford, 408 U.S. 104, 108 (1972).  The doctrine

> requires that a penal statute define the criminal offense with
> sufficient definiteness that ordinary people can understand
> what conduct is prohibited and in a manner that does not
> encourage arbitrary and discriminatory enforcement.

Kolender v. Lawson, 461 U.S. 352, 357 (1983); accord U.S. v. Williams, 128 S. Ct. 1830, 1845 (2008); Smith v. Goquen, 415 U.S. 566, 572-73 (1974).  The void-for-vagueness doctrine is premised on the notion that "[v]ague laws offend several important values": (1) they risk punishing individuals who were not provided a fair

1    warning that their conduct was illegal; (2) they encourage
2    arbitrary and discriminatory enforcement of the law; and (3) where
3    First Amendment values are involved, vague laws discourage the
4    exercise of free speech, a "delicate and vulnerable" right.
5    Grayned, 408 U.S. at 108-09; NAACP v. Button, 371 U.S. 415, 433
6    (1963).  "To pass the vagueness test, statutes and regulations must
7    be sufficiently clear so that ordinary people can understand what
8    conduct is being prohibited and written in a manner that does not
9    encourage arbitrary and discriminatory enforcement."  Ninety-Five
10   Firearms, 28 F.3d at 941-42 (internal quotation marks omitted).
11       A void-for-vagueness challenge has two parts: whether a
12   defendant can bring a vagueness challenge and whether that
13   challenge will succeed.  If a defendant's behavior as charged
14   "clearly come[s] within the statute, he cannot make a void for
15   vagueness challenge."  U.S. v. Jae Gab Kim, 449 F.3d 933, 942 (9th
16   Cir. 2006).  This is a "threshold inquiry, weeding out those
17   defendants who cannot make an as-applied vagueness challenge at
18   all.  If . . . the defendant's conduct does not fall squarely and
19   obviously within the statute, he can make an as-applied vagueness
20   challenge."  Id.
21       In considering the substantive merits of the vagueness
22   challenge, a court must determine whether the statute's application
23   was unconstitutionally vague because the statute did not put the
24   defendant on notice that the charged conduct was prohibited.  Id.;
25   see also U.S. v. Purdy, 264 F.3d 809, 811 (9th Cir. 2001).  The
26   statute will meet the level of "certainty required by the
27   Constitution if its language conveys sufficiently definite warning
28   as to the proscribed conduct when measured by common understanding

1  and practices." <u>Panther v. Hames</u>, 991 F.2d 576, 578 (9th Cir.
2  1993) (internal quotation marks and citations omitted).  Put
3  another way, "[a] defendant is deemed to have fair notice of an
4  offense if a reasonable person of ordinary intelligence would
5  understand that his or her conduct is prohibited by the law in
6  question." <u>U.S. v. Fitzgerald</u>, 882 F.2d 397, 398 (9th Cir. 1989);
7  <u>see</u> <u>U.S. v. Naghani</u>, 361 F.3d 1255, 1259-60 (9th Cir. 2004)(quoting
8  <u>Fitzgerald</u>, 882 F.2d at 398).  Terms with a well-settled common law
9  meaning will not violate due process.  <u>Hames</u>, 991 F.2d at 578.
10  Additionally, the inclusion of scienter as an element of the
11  offense "'may mitigate a law's vagueness, especially with respect
12  to the adequacy of notice to the complainant that his conduct is
13  proscribed.'" <u>Jae Gab Kim</u>, 449 F.3d at 943 (quoting <u>Vill. of</u>
14  <u>Hoffman Estates</u>, 455 U.S. at 499).  For example, such a requirement
15  allows a person of ordinary intelligence to "base his behavior on
16  his factual knowledge of the situation at hand and thereby avoid
17  violating the law."  <u>Id.</u>
18      Whether a statute is unconstitutionally vague is a question of
19  law.  <u>United States v. Ninety-Five Firearms</u>, 28 F.3d 940, 941 (9th
20  Cir. 1994).
21          B.   <u>Indictment Charges with Misstatements, Not Omissions</u>
22      Hack first argues that the statute is vague as applied to him
23  because the language of § 1542 prohibits "mak[ing] a false
24  statement" – and therefore explicitly proscribes only *affirmative*
25  misrepresentations – while he is charged with "omitting"
26  information.  Hack's argument, which appears to rely on the
27  affidavit submitted in support of the Criminal Complaint,
28  mischaracterizes the plain language of the First Superseding

6

1  Indictment, which charges Hack with affirmative misrepresentations.

2  According to the First Superseding Indictment, Hack violated § 1542

3  in two ways: by marking that his passport was "lost" on the DSP-11

4  and by stating that the way it was lost was "unknown."[2]  In fact,

5  charges the First Superseding Indictment, the passport was not

6  lost, but rather had been seized; additionally, charges the

7  Indictment, Hack knew that the passport had been seized, and

8  therefore Hack made an affirmative misrepresentation in stating

9  that it was "unknown" how the passport had been lost.  Because

10  Hack's first vagueness contention rests on the faulty assumption

11  that he is charged with an omission, the Court need not address the

12  substance of his vagueness challenge.

13         C.   22 C.F.R. § 51.20 Is Not Vague

14       Second, Hack argues that § 1542 is unconstitutionally vague

15  because it failed to give Hack notice as to whether he had to

16  disclose on the forms the fact that his passport had been seized by

17  police.  Hack points to 22 C.F.R. § 51.20, the general regulation

18  regarding passport applications.  Section 51.20 requires that a

19  passport applicant "truthfully answer all questions" and "state

20  every material matter of fact pertaining to his or her eligibility

21  for a passport."  22 C.F.R. § 51.20(b).[3]  Hack argues that the

22  _____

23       [2]As discussed below, see § II(D), infra pp. 9-12, the
    Indictment charges these two separate forms as related and one in
24  the same fraudulent act.

25       [3]22 C.F.R. § 51.20 reads in full:
            (a) An application for a passport, a replacement
26          passport, extra visa pages, or other passport related
            service must be completed using the forms the Department
27          prescribes.
            (b) The passport applicant must truthfully answer all
28          questions and must state every material matter of fact
                                                (continued...)

1  seizure of the passport by police did not pertain to his

2  eligibility for a passport.  <u>See</u> 22 C.F.R. § 51.60.  In light of 22

3  C.F.R. §§ 51.20 and 51.60, Hack argues, the statute's applicability

4  to Hack is unconstitutionally vague.

5       This second argument appears to rest on the same

6  mischaracterization of the First Superseding Indictment as Hack's

7  first contention.  While § 51.20 requires that an applicant

8  "truthfully answer all questions" *and* that an applicant "state

9  every material matter of fact pertaining to his or her eligibility

10  for a passport," Hack appears to focus only on the latter

11  requirement.  Mot. at 16-18.  As discussed above, however, the

12  Indictment alleges that Hack made an affirmative misrepresentation

13  when he stated that it was "unknown" how the passport was lost.

14  Both the language of § 1542 and the first part of 22 C.F.R.

15  § 51.20(b) plainly require that an applicant answer questions

16  truthfully.

17       To the extent Hack argues that § 51.20 makes unclear whether

18  affirmative statements regarding non-material facts must also be

19  truthful, this argument is without merit.  Nothing in the statute

20  or regulation suggests that non-material statements may be false.

21  Section 1542 does not provide an exception for non-material

22  information, and does not limit a violation of the statute to

23  material information.  <u>U.S. v. Hart</u>, 291 F.3d 1084, 1085 (9th Cir.

24  

25       [3](...continued)
         pertaining to his or her eligibility for a passport. All

26       information and evidence submitted in connection with an
         application is considered part of the application. A

27       person providing false information as part of a passport
         application, whether contemporaneously with the form or

28       at any other time, is subject to prosecution under
         applicable Federal criminal statutes.

1    2002)(per curiam) ("proof of materiality is not required for this

2    'false statement' offense"); see U.S. v. Youssef, 547 F.3d 1090,

3    1094 (9ᵗʰ Cir. 2008).  Section 51.20 requires first of all that

4    answers to questions be truthful, and also requires that material

5    specifics be provided.  It would be absurd to read that section as

6    suggesting that any affirmative statement – material or immaterial

7    – may be *untruthful*.  Thus, the Court also rejects Hack's second

8    argument.

9            D.   DSP-11 and DSP-64 Are Not Vague As Applied[4]

10        Finally, Hack argues that the combination of (1) § 51.20's

11   requirement that an applicant use a form provided by the State

12   Department and (2) the options on the relevant form for individuals

13   in Hack's situation renders the application of the statute vague.

14   Essentially, Hack argues that a person whose passport has been

15   seized by the police has no specific form to fill out; which form

16   he should fill out is therefore unclear.

17        Section 51.20(a) requires that an applicant use the forms

18   prescribed by the State Department.  22 C.F.R. § 51.20(a).  DSP-11

19   is the first of the forms relevant here, the U.S. Passport

20   Application.  See Opp., Ex. B.  Question 18 of that form asks

21   whether the applicant has been issued a United States Passport, and

22   also asks the applicant to mark the "Disposition" of that passport.

23   The options under "Disposition" include "Lost," which Hack

24   allegedly checked.  Although DSP-11 does not provide a "Seized by

25

26

27        [4]Although at least one of these forms has been revised, the
     Court's discussion looks to the form Hack actually filled out in
28   1998.

                                    9

1   Law Enforcement" box for an applicant to check, it does have an
2   option titled "Other," and a blank line adjacent to that option.
3        With respect to the first misstatement charged by the
4   indictment – marking "lost" on the DSP-11 – Hack's vagueness
5   challenge essentially states that, with no specific box to check
6   for his situation, charging him with checking the wrong box is an
7   unconstitutional application of the statute.[5]   The Court finds that
8   the plain meaning of the word lost and the inclusion of a scienter
9   requirement in § 1542 render this argument unavailing.   First, a
10  reasonable person of ordinary intelligence likely would understand
11  that checking "lost" when in fact the passport was seized by law
12  enforcement is prohibited.   The parties have presented the Court
13  with no statutes, regulations, or guidance suggesting the meaning
14  of the term "lost" on the DSP-11 form.   However, the ordinary
15  meaning of "lost" as it would apply in this context suggests
16  accidental or unexpected misplacement and unknown location.   See
17  "Lose," Merriam-Webster's Online Dictionary,
18  http://www.merriam-webster.com/dictionary/lose (defining "lose" as
19  "to miss from one's possession or from a customary or supposed
20  place" or "to suffer deprivation of[,] part with especially in an
21  unforeseen or accidental manner").   The inclusion of "stolen" as
22  another option supports the conclusion that "lost" would take on
23  this meaning.   Where one knows his passport has been seized by law
24  enforcement, the passport is not "missing" from a "supposed place";
25  rather, the individual knows why he does not have possession of the

---

27     [5]To the extent Hack argues that he had no potential option
    that might have been appropriate for his situation, the inclusion
28  of "Other" and an adjacent line for explanation belies that
    argument.

1  passport, and who does.   More importantly, the statute's inclusion

2  of a scienter requirement – that a defendant "willfully and

3  knowingly" make the false statement "with the intent to induce or

4  secure the issuance of a passport" – mitigates the potential

5  vagueness in Hack's options by protecting Hack from violating the

6  statute if the misstatement was simply the result of confusion.

7       Moreover, to the extent that the application of § 1542 to

8  marking "lost" on the DSP-11 may be problematic standing alone, the

9  Indictment suggests that the heart of the charge in this case is

10 the statement on the DSP-64.   The Indictment does not charge these

11 representations as two alternative violations, but rather as part

12 and parcel of the same fraud.

13      Hack's argument that the application of the statute to his

14 DSP-64 is vague also fails.   In part, Hack appears to argue that he

15 is being prosecuted for filling out the wrong form.   See Opp. at 20

16 ("The statute is clearly vague as applied to these facts in failing

17 to put Mr. Hack on notice that by using the DSP-64 (Lost/Stolen)

18 form, he could be subjecting himself to a criminal prosecution for

19 making a false statement.").   The Court notes that the indictment

20 does not charge the defendant with using the DSP-64 (Lost/Stolen)

21 form, but rather alleges that the statement that passport was lost

22 by "unknown" means was false.   In fact, the "Instructions" to the

23 DSP-64 suggest that the DSP-64 is the correct form any time "a

24 previous valid or potentially valid passport cannot be presented."

25      As a substantive matter, the DSP-64 form is not

26 unconstitutionally vague as applied to Hack's case.   Again, the

27 indictment charges Hack with stating that it was "unknown" how the

28 passport was lost, when in fact he knew why he could not present

11

it.  The DSP-64 form states at multiple points that the applicant should be specific in providing his explanations: in the "Instructions," the form states that the applicant should "set forth in detail why the previous passport cannot be presented," and at the beginning of the questions, the form requests that the applicant "answer all questions" and directs the applicant to "[b]e specific."  A reasonable person of ordinary intelligence would understand that stating it was "unknown" how the passport was lost or stolen when in fact the applicant knew how it came to be out of his possession was a "false statement" proscribed by § 1542.  The application of the statute to this case does not run afoul of the void-for-vagueness doctrine.

///

///

///

**III. CONCLUSION**

For the foregoing reasons, the Court denies the Motion to Dismiss.  Section 1542 is not unconstitutionally vague as applied to this case.


IT IS SO ORDERED.


Dated: March 4, 2009

DEAN D. PREGERSON
United States District Judge