O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. CR 08-00344 (A) DDP |
|---|---|
| Plaintiff, | ) **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION IN LIMINE AND GRANTING GOVERNMENT'S MOTION IN LIMINE** |
| v. | |
| ROSS CHARLES HACK, | |
| Defendant. | ) [Defendant's Motion filed on March 11, 2009; Government's Motion filed on March 13, 2009] |

   This matter came before the Court on two Motions in Limine filed by the parties. Defendant Ross Hack ("Hack") filed a Motion in Limine for an Order (1) Allowing Defense Argument and Jury Instruction at Trial Re: Right to Issuance of New Passport in 1998; (2) Admitting Into Evidence at Trial Redacted 1998 Search Warrant and Inventory of Items Seized. The Government opposed this motion in part. The Government filed a Motion in Limine for an Order Precluding Defense Counsel from Cross-Examining Government Witness About Her Alleged Mental Health Issues and Emotional Instability. Hack did not file an Opposition to this Motion. After reviewing the materials submitted by the parties and hearing oral argument, the Court issued an order from the bench (1) granting in part and

deny in part Defendant's Motion, (2) granting the Government's Motion, and (3) adopting the following order.

**I.    BACKGROUND**

In March 2008, Hack was indicted on a single count of violating 18 U.S.C. § 1542 in applying for that Will-Call passport. The First Superseding Indictment was filed on June 24, 2008. The First Superseding Indictment charges:

> On or about August 4, 1998, in Los Angeles County, within the Central District of California, defendant Ross Charles Hack willfully and knowingly made a false statement in an application for a passport, with intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in connection with such application, defendant stated that his previously issued passport was lost and stated that it was unknown to him how his passport was lost or stolen, whereas, in truth and fact, as the defendant then knew, the Las Vegas Metropolitan Police Department had seized the passport on July 30, 1998, during the execution of a search warrant at defendant's home.

First Superseding Indictment (Docket Entry No. 31) at 1-2 (June 24, 2008).

The relevant statute, 18 U.S.C. § 1542, provides that it is a federal offense for a person to:

> willfully and knowingly make[] any false statement in an application for a passport with intent to induce or secure the issuance of a passport under the authority of the United

2

1	States, either for his own use or the use of another, contrary
2	to the laws regulating the issuance of passports or the rules
3	prescribed pursuant to such laws.

18 U.S.C. § 1542.  Pursuant to 22 C.F.R. § 51.20, a "passport applicant must truthfully answer all questions and must state every material matter of fact pertaining to his or her eligibility for a passport."  22 C.F.R. § 51.20(b).

On March 4, 2009, the Court denied Hack's Motion to Dismiss the Indictment on Vagueness Grounds.  <u>See</u> Order Denying Motion to Dismiss Indictment on Vaguess Grounds ("Order Denying MTD"), Docket Entry No. 70.  In his motion, Hack had argued that the indictment charged Hack with material omissions and that the statute and regulation were unconstitutionally vague as applied to his case. In support of his Motion, Hack emphasized that failing to state that his passport had been seized was not material because a passport application could not be denied on that basis.  In denying Hack's Motion, the Court noted that (1) the indictment charges Hack with misstatements, not omissions, <u>see</u> Order Denying MTD at 6-7, and (2) that violations of the statute are not limited to material information, <u>see</u> <u>id.</u> at 8-9 (citing <u>U.S. v. Hart</u>, 291 F.3d 1084, 1085 (9th Cir. 2002)).

**II.	DEFENDANT'S MOTION IN LIMINE**

Hack's Motion in Limine contains two requests.  The Court denies the first request and grants in part and denies in part the second request.

**A.	Materiality of the Seizure of Hack's Passport**

First, Hack seeks the ability to argue to the jury that, even if Hack knew the police had seized his passport, he was entitled to

3

have a new passport issued even if he had disclosed that the police had seized his passport. Accordingly, Hack suggests, he should be entitled to argue to the jury that the statement "unknown on the Lost/Stolen form was "of no consequence." See Def.'s Mot. at 7. Hack makes a related request for two jury instructions. Id., Exs. 4-5.[1]

The Court denies this request. As the Court discussed in connection with Hack's Motion to Dismiss, 22 C.F.R. § 51.20 requires that an applicant "answer all questions truthfully," and the indictment charges Hack with affirmative misrepresentations, rather than with omissions. Moreover, "proof of materiality is not required for this 'false statement' offense." United States v. Hart, 291 F.3d 1084, 1085 (9th cir. 2002) (per curiam); United States v. Youssef, 547 F.3d 1090, 1094 (9th Cir. 2008). Accordingly, whether Hack was entitled to a passport even if his passport was seized by police is not relevant, and argument on the issue runs a serious risk of confusing the jury.[2] Moreover, an argument that writing "unknown" on the Lost/Stolen form when in

---

[1] In his papers, Hack argued that his potential argument was relevant to the "contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws" portion of 18 U.S.C. § 1542. This written order addresses only that argument.
At oral argument, Hack argued that his "materiality" argument was relevant to an additional element, intent. Hack sought the ability to argue to the jury the following: if Hack was entitled to a passport whether or not he explained that his passport had been seized, why would he leave this information off with the "intent to induce the issuance" of his passport? The Court does not address that argument in this written order. For the reasons stated on the record at the hearing on these motions, the Court denies this request.

[2] If the Government chose (or chooses) to argue that Hack violated § 1542 merely by omitting information, the Court may have taken a different approach.

4

fact Hack did know the location of his form is of no legal consequence misstates the law. Accordingly, the Court denies Hack's request.

**B.   Admissibility of Redacted Copies of Search Warrant/Inventory**

Second, Hack requests that the Court deem admissible redacted copies of the search warrant/inventory documents for the 1998 search of Hack's house that apparently resulted in the seizure of his passport, as relevant to the intent element of § 1542. The Government does not oppose the admission of properly redacted copies of these documents. The Court therefore grants this part of Hack's motion.

To the extent Hack also seeks to argue that the 1998 passport was illegally seized by the police, the Court denies this request, and grants the Government's request that Hack be precluded from arguing as much. The critical issue is not the legality of the underlying search, but rather whether Hack knew that the police had seized his passport during their search (wherever that search took place). Hack is accordingly limited in argument: while Hack may challenge whether and how police communicated to him about the search, items seized during it, and, specifically, his passport, he may not argue that the passport was *illegally seized*. The latter issue is not relevant to this trial and would not be an issue for the jury if it were.

**III. GOVERNMENT'S MOTION IN LIMINE**

The Government's Motion in Limine requests an order precluding defense counsel from cross-examining Government witness Mandie Abels on her alleged mental health history and alleged emotional

instability. The Government argues that such cross-examination would be: (1) a veiled attempt to intimidate and embarrass Abels, (2) an invasion of privacy, and (3) irrelevant, see Fed. R. Evid. 401-402, and unduly prejudicial, Fed. R. Evid. 403. Hack did not oppose this motion, though at oral argument he did request the opportunity to examine the witness outside the presence of the jury in order to determine whether there is a good faith basis for such testimony.

The Court grants the Government's motion, and precludes Hack from asking such questions unless and until he shows (1) a demonstrated good faith basis or offer of proof regarding the foundation for such an inquiry and (2) that the questions bear directly on Abels's testimony regarding the events in question in 1998. It is possible that such a line of questioning could bear on Abels's truthfulness; however, to avoid the risks highlighted by the Government, the Court will preclude a line of questioning that concerns these issues absent prior permission from the Court. Examination outside the presence of the jury would be a proper method by which to establish a good faith basis for seeking such permission.

**IV. CONCLUSION**

For the foregoing reasons, as well as those stated on the record at the hearing, the Court (1) grants in part and deny in part Defendant's Motion and (2) grants the Government's motion. IT IS SO ORDERED.

Dated: March 27, 2009

DEAN D. PREGERSON
United States District Judge